ARTHUR L. STEWART, and another,

*vs.*

WILLIAM R. PATTANGALL, and others.

Washington.    Opinion January 1, 1898.

*New Trial.    Real Action.*

In a real action the question to be determined was the location upon the face of the earth of the dividing line between the southeastern and southwestern quarters of township No. 19 Middle Division in Washington county. The line was described by the commissioners who made the partition as "beginning at a pine stake three miles distant from the easterly line and two and one-half miles from the south line of the township and running south 2° 15′ west to the south line of the township." The jury returned a verdict in favor of the defendants, and the plaintiffs move to have this verdict set aside as against the evidence, and on the ground of newly-discovered evidence.

*Held;* that the question of fact which the jury were called upon to settle was neither complex nor difficult. They heard the witnesses and saw the sections of trees with the "spots" exhibited, and they could hardly fail to comprehend the true relation and force of the evidence. Even if there now appeared to be a greater weight of evidence in favor of the plaintiffs, that fact would not necessarily authorize the court to set aside the verdict of the jury; but a careful examination of all the evidence reported discloses a clear preponderance in support of the conclusion reached by the jury.

Newly-discovered evidence that does not seem to be of such vital importance as to induce the belief that a different result would have been reached if it had been presented at the trial, is not sufficient to grant a new trial. The same result follows where it is fairly to be inferred, from the circumstances disclosed, that by the exercise of proper diligence this evidence might have been seasonably procured.

ON MOTIONS BY PLAINTIFFS.

The case appears in the opinion.

*H. H. Gray and F. I. Campbell*, for plaintiffs.

*W. R. Pattangall*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WIS-WELL, SAVAGE, JJ.

WHITEHOUSE, J.    This was a real action brought to determine the location of the dividing line between the southeastern and southwestern quarters of township No. 19 Middle Division in Washington county.

It appears that a partition of the township was made in 1850 between John B. James and Moses G. O. Emery, by which the commissioners appointed for that purpose set out to James two separate lots of land called the northwestern and southeastern quarters; but from the admeasurements and boundaries of these two quarters as stated and described in the report of the commissioners, it does not appear that the westerly line of the southeastern quarter and the easterly line of the northwestern quarter were designed to be a continuous line from the northern to the southern boundary of the township, or that the lots thus laid out for James' half interest were anywhere contiguous to each other. But it is admitted that the plaintiffs had title to the southwesterly quarter up to the line on the east then established by the commissioners and that the commissioners' line was the western boundary of the southeastern quarter owned by the defendants; and the question to be determined was where upon the face of the earth was the line described by the commissioners as "beginning at a pine stake three miles distant from the easterly line and two and one half miles from the south line of the township and running south 2° 15′ west to the south line of the township."

The jury returned a verdict in favor of the defendants, and the plaintiffs move to have this verdict set aside as against the evidence and on the ground of newly-discovered evidence.

It is the opinion of the court that both motions must be over-ruled. The question of fact which the jury were called upon to settle was neither complex nor difficult. They heard the witnesses and saw the sections of trees with the "spots" exhibited, and they could hardly fail to comprehend the true relation and force of the evidence. The issue was submitted with instructions to which no exceptions were taken. Even if there now appeared to be a greater weight of evidence in favor of the plaintiffs' contention, that fact would not necessarily authorize the court to set aside the verdict of the jury; but a careful examination of all the evidence reported discloses a clear preponderance in support of the conclusion reached by the jury.

Nor does the newly-discovered evidence seem to be of such vital importance as to induce the belief that a different result would have been reached if it had been presented at the trial. Furthermore, the plaintiffs introduced no testimony tending to show that this newly-discovered evidence could not have been obtained at the trial by the exercise of reasonable diligence on their part. On the contrary, it is fairly to be inferred from the circumstances disclosed that, by the exercise of proper diligence, it might have been season-ably procured.

*Motions overruled.*